UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BEAU GIGLIO | CIVIL ACTION NO. |
| VERSUS | SECTION: |
| SHIPYARD SUPPLY ACQUISITION CORPORATION | JUDGE: |
| | MAGISTRATE: |

## NOTICE OF REMOVAL

**TO: THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant, Shipyard Supply Acquisition Corporation ("Shipyard Supply") respectfully gives notice of the removal of this action from the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, to the United States District Court for the Eastern District of Louisiana. Shipyard Supply reserves all rights and defenses to the suit filed by Plaintiff, Beau Giglio ("Plaintiff"). In support of this Notice of Removal, Shipyard Supply submits the following:

### BACKGROUND

1.

Shipyard Supply distributes industrial products, such as hoses and hose accessories, sandblast and paint supplies, welding supplies, and pipe fittings and valves.

2.

Plaintiff signed an employment agreement with Shipyard Supply on or around September 3, 2019 (the "Employment Agreement").

3.

On July 18, 2022, Plaintiff delivered a letter to Shipyard Supply stating he decided to resign from his employment effective on that date.

4.

The same day, Plaintiff filed a Verified Petition for Declaratory Judgment against Shipyard Supply, in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana. The proceeding is styled *Beau Giglio v. Shipyard Supply Acquisition Corporation*, No. 830-524. The next day, July 19, 2022, Plaintiff filed a Motion for and Incorporated Memorandum in Support of Request for a Temporary Restraining Order and to Set Preliminary Injunction Hearing.

5.

Plaintiff filed suit in Louisiana state court despite the fact that the Employment Agreement contains a provision providing that "[a]ny action or proceeding by either of the parties to enforce this Agreement must be brought only in a state or federal court located in Harris County, Texas." [*See* Employment Agreement at § 17, which is attached as part of Exhibit 2, which is Plaintiff's Verified Petition for Declaratory Judgment.]

6.

In the Petition for Declaratory Judgment, Plaintiff requests the court declare, among other requests, that the non-compete and non-solicitation provisions in the Employment Agreement is unenforceable under Louisiana law.

7.

Plaintiff seeks relief under Louisiana law even though the Employment Agreement contains a provision providing that "[t]his Agreement, for all purposes, will be construed in accordance with, and any disputes arising out of or relating to this Agreement will be governed by, the laws of the State of Texas without regard to conflicts of law principles." [Ex. 2, Employment Agreement at § 17.]

8.

Before terminating his employment, the Employment Agreement obligated Plaintiff to provide ninety days' notice to the Shipyard Supply of his desire to leave Shipyard Supply's employ. [*See* Ex. 2, Employment Agreement at § 8(d).] Notice was required to be given in person, by registered or certified mail (return receipt requested), by overnight carrier, or email to Shipyard Supply and its counsel, at the addresses listed in Section 15 of the Employment Agreement.

9.

Plaintiff breached Section 8(d) of the Employment Agreement by providing insufficient notice when resigning, and, instead, filing a contractually prohibited suit in Louisiana state court.

**REMOVAL JURISDICTION**

10.

Pursuant to 28 U.S.C. § 1447(b) and Local Rule 3.2, Shipyard Supply attaches (a) a list of all parties remaining in the action; (b) copies of all pleadings filed in the state court. [List of Parties and Pleadings Pursuant to 28 U.S.C. § 1447(b), attached as Exhibit 1; Verified Petition for Declaratory Judgment, dated July 18, 2022 (including the accompanying Verification and Employment Agreement), attached as Exhibit 2; Motion for and Incorporated Memorandum in

Support of Request for a Temporary Restraining Order and to Set Preliminary Injunction Hearing, dated July 19, 2022, attached as Exhibit 3; Sworn Affidavit of Beau Giglio, dated July 19, 2022, attached as Exhibit 4; July 21, 2022 Temporary Restraining Order, attached as Exhibit 5.]. Although Local Rule 3.2(c) provides that a removing defendant must file copies of the return of service of process filed in state court, Shipyard Supply files this Notice of Removal before service of the initial state court pleading.

11.

A notice of removal must be filed less than 30 days of receipt by the defendant, through service or otherwise, of a copy of the initial pleading. 28 U.S.C. § 1446(b)(1). Plaintiff filed this suit on July 18, 2022. Although Shipyard Supply has not yet been served,[1] a case may be removed prior to formal service of process. *See*, *e.g.*, *Ellis v. Miss. Farm Bureau Cas. Ins. Co.*, No. 20-1012, 2020 WL 2466247, at *3 (E.D. La. May 13, 2020) ("[W]hen [plaintiff] filed his petition in state court, he commenced the present litigation and permitted [defendant] to file its notice of removal, even without proper formal service of process or waiver of such."); *see also Delgado v. Shell Oil Co.*, 231 F.3d 165, 177 (5th Cir. 2000) (holding "[g]enerally, service of process is not an absolute prerequisite to removal.").

---

[1] In an e-mail to Plaintiff's counsel on July 21, 2022, Shipyard Supply's counsel stated that it would accept service of the Petition as long as Plaintiff's claim for declaratory relief would not be heard at an August 8, 2022 preliminary injunction hearing and Plaintiff will not object to a reasonable extension. To the extent Shipyard Supply's counsel's e-mail could be construed as a waiver of service and trigger the 30-day clock on that date, Shipyard Supply's Notice of Removal is timely filed within 30 days of July 21, 2022.

12.

In accordance with 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal is being delivered to all parties individually or through their counsel of record. Additionally, a copy of the Notice of Removal will be filed with the Clerk of Court for the Twenty-fourth Judicial District Court for the Parish of Jefferson, State of Louisiana. *See* 28 U.S.C. § 1446(d).

13.

On July 21, 2022, the Louisiana District Court issued an *ex parte* temporary restraining order ("TRO"), which orders that Shipyard Supply is enjoined from seeking to enforce the Employment Agreement "outside of this proceeding" and from "initiat[ing] or proceed[ing] with any legal proceedings against Mr. Giglio arising from, or related in any way to, the Agreement outside of this proceeding, specifically including any such proceedings in Harris County, Texas." [*See* Ex. 5, TRO.] A preliminary injunction hearing was set for August 8, 2022 at 9:30 a.m.

14.

The TRO does not—and cannot—preclude Shipyard Supply from removing this proceeding to federal court. *See* 28 U.S.C. § 1450 ("All injunctions, orders, and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by the district court."); *see also Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cnty.*, 415 U.S. 423, 437, 94 S.Ct. 1113, 1123, 39 L.Ed.2d 435 (1974) (analyzing Section 1450 and noting that "once a case has been removed to federal court, it is settled that federal rather than state law governs the future course of proceedings, notwithstanding state court orders issued prior to removal."); *see also Goodin v. Post Acute Med.*

*LLC*, 21-CV-1131, 2021 WL 1706768, at *1 (W.D. La. Apr. 29, 2021) ("A TRO entered prior to removal remains in effect and is governed by Fed. R. Civ. P. 65 from the date of removal."). Further, under the Supremacy Clause of the United States Constitution, a state court does not have the power to enjoin a litigant from proceeding in a pending or prospective action in federal court. U.S. CONST. ART. 6; *General Atomic Co. v. Felter*, 434 U.S. 12, 17–19, 98 S.Ct. 76, 78–79, 54 L.Ed.2d 199 (1977) (holding that a state court's anti-suit injunction directly conflicted with the Supremacy Clause); *Donovan v. City of Dallas*, 377 U.S. 408, 411–13, 84 S.Ct. 1579, 1582, 12 L.Ed.2d 409 (1964) (noting "the old and well-established judicially declared rule" that "state courts are completely without power to restrain federal-court proceedings in *in personam* actions.").

## VENUE

15.

Venue in this Court is provided by 28 U.S.C. § 1441(a), as the Eastern District of Louisiana is the district court "embracing the place where such action is pending," which, here, is the Parish of Jefferson.

## FEDERAL JURISDICTION

16.

This Court has original subject matter jurisdiction of this action under 28 U.S.C. § 1332 and removal jurisdiction under 28 U.S.C. § 1441(a) because the claim asserted is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

**Diversity of Citizenship**

17.

"Complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." *Bynane v. Bank of N.Y. Mellon for CWMBS, Inc. Asset-Backed Certificate Series 2006-24*, 866 F.3d 351, 355 (5th Cir. 2017).

18.

There is complete diversity of citizenship under 28 U.S.C. § 1332 between Plaintiff and Shipyard Supply.

19.

Plaintiff's petition alleges that he is a citizen and resident of Louisiana and that Shipyard Supply is a Delaware corporation that maintains its principal place of business in Texas as well as in Louisiana. [*See* Ex. 2, Verified Petition for Declaratory Relief, at ¶¶ 1–2.]

20.

The U.S. Supreme Court held in *Hertz Corp. v. Friend* that a corporation's principal place of business is "where a corporation's officers direct, control, and coordinate the corporation's activities." 559 U.S. 77, 92–93, 130 S.Ct. 1181, 1192, 175 L.Ed.2d 1029 (2010). This language is often referred to as the corporation's "nerve center," and in most instances, "it should normally be the place where the corporation maintains its headquarters." *Hertz*, 559 U.S. at 93. A corporation can only have one principal place of business. *See Rowell v. Shell Oil Co.*, No. 14-2392, 2015 WL 7306435 at *4 (E.D. La. Nov. 18, 2015).

21.

Shipyard Supply's Texas office is the location where Shipyard Supply's business is directed, controlled, and coordinated. As noted in Shipyard Supply's Louisiana Secretary of State registration, Shipyard Supply's principal business office is 10704 Composite Drive, Dallas, Texas 75220. [*See* Certified Copy of Shipyard Supply's Louisiana Secretary of State Registration for Business Corporation (Non-Louisiana), last report filed November 5, 2021, attached as Exhibit 6.] The Louisiana Secretary of State filing for Shipyard Supply also lists four officers—Sam Pettillo (President), Michael Geist (Vice-President, Secretary, Treasurer, Director), Craig Osborne (Vice-President, Director), and Don Fritzinger (Vice-President, Director)—and all of their addresses are in Dallas, Texas. [*See id.*]

22.

For purposes of diversity jurisdiction, Plaintiff is a citizen of Louisiana and Shipyard Supply is a citizen of Texas, and, as a result, this is an action between citizens of different states.

**Amount in Controversy**

23.

Although Shipyard Supply denies any liability to Plaintiff, the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

24.

Under well-established jurisprudence of the United States Fifth Circuit Court of Appeals, when the plaintiff has alleged an indeterminate amount of damages, the removing defendant can satisfy the amount in controversy requirement under 28 U.S.C. § 1332 by showing that it is "facially apparent" that the plaintiff's claims exceed $75,000.00. *See*, *e.g.*, *Gebbia v. Wal-Mart*

*Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). Regardless, even if not "facially apparent" from the petition, the removing defendant may set forth specific facts that support a finding of the requisite amount in controversy. *See Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

25.

"The amount in controversy, in an action for declaratory or injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented." *Yorsch v. NuVasive, Inc.*, No. 14-2359, 2014 WL 6469623, at *3 (E.D. La. Nov. 17, 2014) (quoting *St. Paul Reinsurance Co., Ltd. v. Greenberg,* 134 F.3d 1250, 1252–53 (5th Cir. 1998)). Like the case, here, *Yorsch* involved an employee's suit for declaratory relief that a noncompetition agreement was invalid. 2014 WL 6469623, at *1. In *Yorsch*, the court found the amount-in-controversy requirement was met because "a declaration in [the employee's] favor will allow her to pursue her existing career in which she has made hundreds of thousands of dollars annually." *Id.*, at *3. *Yorsch* is directly on-point to the case here.

26.

Here, the Employment Agreement attached to Plaintiff's petition provides that Plaintiff's annual base salary, among other compensation, was at least $156,000 per year, exclusive of the value of his company-provided benefits and performance bonuses. [*See* Ex. 2, Employment Agreement at §3(a).]

9

27.

Plaintiff's yearly earnings are well above the jurisdictional amount required for removal and it is readily apparent that the alleged value of the right to be protected or the extent of the injury to be prevented exceeds $75,000.00, exclusive of interest and costs.

28.

Thus, like in *Yorsch*, Plaintiff's suit for declaratory relief satisfies the amount-in-controversy requirement because a declaration in Plaintiff's favor would allow him to pursue his existing career in which he made more than $75,000 annually.

**WHEREFORE**, Shipyard Supply shows that complete diversity and removal jurisdiction exists, and, as a result, requests that this Notice of Removal be deemed sufficient and that this proceeding be removed to this Court.

Respectfully,

s/Debra J. Fischman
DEBRA J. FISCHMAN (# 5578)
RYAN D. ADAMS (# 27931)
JEFFREY D. KESSLER (# 30156)
STUART D. KOTTLE (# 37194)
**SHER GARNER CAHILL RICHTER KLEIN & HILBERT, L.L.C.**
909 Poydras Street, Twenty-eighth Floor
New Orleans, Louisiana 70112
Telephone: (504) 299-2100
Facsimile: (504) 299-2300
E-mail: dfischman@shergarner.com
E-mail: radams@shergarner.com
E-mail: jkessler@shergarner.com
E-mail: skottle@shergarner.com

**ATTORNEYS FOR SHIPYARD SUPPLY ACQUISITION CORPORATION**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served on Plaintiff's counsel via electronic mail this 29th day of July, 2022.

s/Debra J. Fischman
DEBRA J. FISCHMAN

## EXHIBIT LIST

| | |
|---|---|
| Exhibit 1 | List of Parties and Pleadings Pursuant to 28 U.S.C. § 1447(b) |
| Exhibit 2 | Verified Petition for Declaratory Judgment, dated July 18, 2022, including the accompanying Verification and Employment Agreement |
| Exhibit 3 | Motion for and Incorporated Memorandum in Support of Request for a Temporary Restraining Order and to Set Preliminary Injunction Hearing, dated July 19, 2022 |
| Exhibit 4 | Sworn Affidavit of Beau Giglio, dated July 19, 2022 |
| Exhibit 5 | Temporary Restraining Order, dated July 21, 2022 |
| Exhibit 6 | Certified Copy of Shipyard Supply's Louisiana Secretary of State Registration for Business Corporation (Non-Louisiana), last report filed November 5, 2021 |